**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v().  No. CV 13-0699 MV/WPL
                                                                                                    CR 98-0915 MV

WILFREDO CARRACELAS-MENDEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's Petition for Writ of Coram Nobis Pursuant to 28 U.S.C. § 1651 (CV Doc. 1; CR Doc. 23). Defendant alleges that his attorney in this criminal proceeding failed to advise him of the deportation consequences of his conviction. As a result, he asserts, his guilty plea was involuntary. He asks the Court to "hold an evidentiary hearing . . . and vacate his conviction." He also seeks to "clear up his immigration status." The Court will deny the petition.

    Defendant's allegation of involuntary plea is based on the rule that the Supreme Court announced in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010). In *Padilla*, the Court concluded that "advice regarding deportation [is] not categorically removed from the ambit of the Sixth Amendment right to counsel," 130 S. Ct. at 1482, and held "that counsel must inform her client whether his plea carries a risk of deportation," 130 S. Ct. at 1486. For purposes of this Order, the Court assumes that Defendant was not informed of the deportation consequences when he pled guilty. On the other hand, the Court entered judgment on Defendant's guilty plea in 1999, and relief is available against his conviction only if *Padilla* applies retroactively.

    Although Defendant argues that *Padilla* applies retroactively to his conviction, decisions of the Tenth Circuit and other circuits are to the contrary. "*Padilla* does not apply retroactively to

individuals whose convictions, like [Defendant]'s, became final before the Supreme Court decided *Padilla*." *United States v. Fraire*, 512 F. App'x 745, 746 (10th Cir. 2013); *and see United States v. Ruiz-Romero*, No. 12-2074, 2013 WL 1363765, at *2 (10th Cir. Apr. 5, 2013); *United States v. Chang Hong*, 671 F.3d 1147, 1158 (10th Cir. 2011). And as the Court of Appeals for the Eleventh Circuit has ruled,

> [I]in *Figuereo-Sanchez v. United States*, 678 F.3d 1203[, 1209] (11th Cir. 2012) . . . , we held that the Supreme Court decision in *Padilla v. Kentucky* . . . is not retroactively applicable to cases on collateral review. For this reason, [Defendant] is not entitled to relief pursuant to the writ of error coram nobis. *See United States v. Swindall*, 107 F.3d 831, 834 (11th Cir.1997) (holding that a rule of law which is not retroactively applicable to cases on collateral review is "clearly outside the extremely limited scope of a writ of error coram nobis").

*Rodriguez v. United States*, 492 F. App'x 960, 960 (11th Cir. 2012) (per curiam). Under the clear weight of authority, the *Padilla* decision provides no basis for the relief that Defendant seeks, and the Court will deny the petition.

IT IS THEREFORE ORDERED that Defendant's Petition for Writ of Coram Nobis Pursuant to 28 U.S.C. § 1651 (CV Doc. 1; CR Doc. 23) is DENIED.

_____
UNITED STATES DISTRICT JUDGE